UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN ROGERS,

        Plaintiff,

    v.                                    Case No. 25-cv-1744-bbc

HEIDI MICHEL,

        Defendant.

## DECISION AND ORDER

Plaintiff Shawn Rogers, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. The Court screened the complaint on December 15, 2025, and after concluding the complaint failed to state a claim upon which relief could be granted, gave Rogers the opportunity to file an amended complaint by January 9, 2026. The Court warned Rogers that if he did not file an amended complaint by the deadline, the Court would dismiss this case based on his failure to state a claim in the original complaint. The deadline has passed, and Rogers did not file an amended complaint, so the Court will dismiss this action based on Rogers' failure to state a claim in the complaint as explained in the December 15, 2025, screening order. *See* Dkt. No. 8.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 22nd day of January, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.